# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LEVTEC, LLC,                          :

      Plaintiff,                     :

 vs.                                  :

MICHELLE BARKAN, et al.,             :

      Defendants.                     :     Case No.  3:14cv00276
_____          District Judge Thomas M. Rose
                                     :     Chief Magistrate Judge Sharon L. Ovington
LEVTEC, LLC,                          :

      Plaintiff/Counterclaim Defendant,   :

 vs.                                  :

TURN, INC.,                          :

      Defendant/Counterclaim Plaintiff.   :

                                              :

# REPORT AND RECOMMENDATIONS[1]

This case is presently pending upon Plaintiff Levtec, LLC's Motion To Amend

Complaint (Doc. #21), Defendant Turn, Inc.'s Brief In Opposition (Doc. #22), Plaintiff

Levtec's Reply (Doc. #23), and the record as a whole.  If Plaintiff Levtec's Motion is

granted, the case would proceed under Levtec's Second Amended Complaint plus Defendant

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Turn's Counterclaim that raises a breach-of-contract claim against Levtec.

Plaintiff Levtec's original Complaint and First Amended Complaint asserted, in part, a breach-of-contract claim against Defendants Michelle Barkan and Barkan Advertising, LLC. Those pleadings further asserted that Defendant Turn, as Barkan's subcontractor, must turn to Barkan – not Plaintiff Levtec – for any payment to which Defendant Turn is entitled for its services.

In response, Defendant Turn filed an Answer plus a Counterclaim based on the theory that it was in contractual privity with Plaintiff Levtec and that Levtec breached their contract.

At present, Plaintiff Levtec maintains its position that it was not in privity with Defendant Turn. But, in light of Defendant Turn's Counterclaim and "in-privity" theory, Plaintiff Levtec seeks leave to amend its First Amended Complaint (hereafter "Complaint") to claim, in the alternative, that Defendant Turn breached its contract with Plaintiff Levtec.

Defendant Turn contends that permitting Plaintiff Levtec to amend its Complaint would be futile because Levtec's proposed Amended Complaint would not withstand a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as to its new breach-of-contract claim.

Leave to amend is "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend a Complaint may be denied when the proposed amendment would be futile. *See SFS Check, LLC v. First Bank of Delaware,* 774 F.3d 351, 355 (6th Cir. 2014). "A proposed amendment is futile if the amendment could not withstand a Rule

12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

When reviewing a claim under Rule 12(b)(6), the Court accepts as true the Complaint's factual allegations and construes all reasonable inferences in the plaintiffs' favor. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). To survive a Rule 12(b)(6) Motion, the Complaint "must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To state a plausible, non-speculative claim, a Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory

3

allegations or legal conclusions masquerading as factual allegations will not suffice.").

Defendant Turn contends that Plaintiff Levtec's proposed Amended Complaint fails to allege sufficiently specific facts as to several elements of Levtec's proposed breach-of-contract claim.  The Amended Complaint, therefore, fails to raise a plausible breach-of-contract claim, according to Defendant Turn.

To raise a plausible breach-of-contract claim against Defendant Turn, Plaintiff Levtec must allege sufficiently specific facts, when accepted as true and construed in Levtec's favor, *see Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015), to show the following elements:  (1) a contract existed, (2) Levtec fulfilled its contractual obligations, (3) Defendant Turn failed to fulfill its contractual obligations, and (4) Levtec incurred damages as a result of the Defendant Turn's failure.  *See V & M Star Steel v. Centimark Corp*., 678 F.3d 459, 465 (6th Cir. 2012) (and cases cited therein).

Plaintiff Levtec's proposed Amended Complaint alleges sufficient facts to show that a contract existed between Levtec and Defendant Turn.  It does so first by incorporating Defendant Turn's allegations, in its counterclaim, that "on or about September 25, 2013, Turn and Levtec executed an Insertion Order contract … whereby Turn agreed to place ads for Levtec as a part of an advertising campaign lasting from September 26, 2013, to December 20, 2013."  (Doc. #10).  Plaintiff Levtec attached the same Insertion Order to its Complaint, First Amended Complaint, and its proposed Amended Complaint.  Defendant Turn admitted in its Answer that the Insertion Order "is a written instrument that speaks for

4

itself." (Doc. #10, *PageID*# 124, ¶16). Further, Turn denied "any allegation that the Insertion Order did not and/or does not constitute a valid binding contract between Turn and Levtec." *Id*. Plaintiff Levtec's proposed Amended Complaint incorporates Defendant Turn's well-pled allegations as follows: "If Turn's assertion that it was in contractual privity with Levtec is correct, then Levtec has a claim against Turn for breach of contract." (Doc. #21, *PageID*# 93, ¶32). In this manner and by incorporating these particular allegations, Levtec's proposed Amended Complaint has alleged sufficiently specific, non-conclusory facts identifying the exact contract Defendant Turn allegedly breached.

Next, Plaintiff Levtec's proposed Amended Complaint incorporates allegations that it performed its obligations pursuant to the contract with Defendant Turn. The Insertion Order attached to the proposed Second Amended Complaint states that Levtec was to "Prepay" for Turn's services. (Doc. #21, *PageID*# 197). Levtec's proposed Amended Complaint alleges, "Exhibit A at its midpoint indicates that the 'PAYMENT TERMS' was to be 'Prepay.'" *Id*., *PageID*# 191, ¶19. Levtec alleged that it performed its obligation to "prepay" for Turn's services pursuant to the contract, as follows: "When invoiced by Turn, Levtec paid Barkan for Turn's services." *Id*., *PageID*# 190, ¶ 17. Construing these allegation in a light most favorable to Plaintiff Levtec, its proposed Amended Complaint alleges sufficiently specific facts indicating that it performed its contractual obligations owed to Defendant Turn.

As to Defendant Turn's alleged breach of contract, the proposed Amended Complaint's incorporation of Exhibit A, the Insertion Order, essentially points to several

contractual duties Turn allegedly breached. These duties, in the words of the contract, consisted of "Turn Predictive Targeting & Site Retargeting," "FBX Predictive & Site Retargeting," and "Turn Predictive Targeting & Retargeting PreRoll Video, under prepay payment turns." (Doc. #21, *PageID#* 199). Although the proposed Complaint describes these as duties Defendant Turn owed to Defendant Barkan, Plaintiff Levtec's proposed alternative breach-of-contract claim is essentially a product of the contractual privity Defendant Turn identifies in its Counterclaim for breach of contract – i.e., privity between Defendant Turn and Levtec. On this point, the proposed Amended Complaint alleges, "If Turn's assertion that it was in contractual privity with Levtec is correct, then Levtec has a claim against Turn for breach of contract, and Turn is liable to Levtec for its damages, jointly and severally with Barkan . . . ." *Id.*, *PageID#* 193, ¶32. Additionally, Plaintiff Levtec's proposed breach-of-contract claim against Defendant Turn incorporates the proposed Amended Complaint's previous allegations describing the contract with Levtec. *Id.*, *PageID#* 193. Such incorporation is typical in Complaint drafting and plausible inferences can be raised by pleading in ths manner. *E.g., Ouwinga v. Benistar 419 Plan Servs., Inc*., 694 F.3d 783, 796 (6th Cir. 2012). The proposed Amended Complaint specifically alleges the following about Defendant Turn's alleged breaches of its contractual duties under the Insertion Order: (1) "The services that Turn provided in the project at Barkan's direction failed to produce any data of value to Levtec," (Doc. #21, *PageID#* 190, ¶18); (2) "Notwithstanding the clear indication of 'Prepay,' Turn allegedly performed

6

services on the project that were above and beyond those indicated on the face of Exhibit A . . . ., " *id*. at ¶19); (3) "Turn is liable . . . in the form of expenditures that Levtec incurred in reliance up the performance by Turn in the failed advertising campaign that produced no value to Plaintiff," *id*. at ¶32); and (4) "[D]amages in the form of carrying costs for the purchase of additional inventory to meet the projected sales of Morph Fire products, which sales were not realized due to the failed performance by Turn . . . . ," *id*. at ¶32. In light of these allegations, and the others set forth in this paragraph, Plaintiff Levtec's proposed Amended Complaint raises sufficiently specific facts to give Defendant Turn notice of the contractual duties it allegedly breached. And briefly, it is generally correct that "documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference . . . ." *Ouwinga*, 694 F.3d at 797 (citing *Mediacom Se. LLC v. BellSouth Telecommunications, Inc*., 672 F.3d 396, 400 (6th Cir. 2012)); *see Rondigo, L.L.C. v. Township of Richmond*, 641 F3d 673, 680-81 (6th Cir. 2011) (court may rely on exhibits attached to the complaint, public records, or exhibits attached to a defendant's motion to dismiss without converting the motion to dismiss into a summary-judgment motion).

Finally, Plaintiff Levtec alleges damages as a result of Defendant Turn's breach of contract. The proposed Amended Complaint alleges that Plaintiff Levtec incurred damages as a result of Defendant Turn's breaches, including: "[D]amages in the form of expenditures that Levtec incurred in reliance upon the performance by Turn in the failed advertising campaign that produced no value to Plaintiff, . . . including corrective action, and $47,000

7

paid . . . for services rendered by Turn; and (2) damages in the form of carrying costs for the purchase of additional inventory to meet the projected sales of Morph Fire products, which sales were not realized due to the failed performance by Turn." *Id*.

In sum, by incorporating the Insertion Order; the allegations in the proposed Amended Complaint that preceded its breach-of-contract claim; and allegations raised in other pleadings, including Defendant Turn's Answer and Counterclaim, the essential elements of Plaintiff Levtec's breach-of-contract claim are pled with sufficient specificity to alert Defendant Turn to the asserted grounds of this claim. Accordingly, Plaintiff Levtec's proposed Amended Complaint pleads specific enough factual allegations that when accepted as true, are sufficient to establish a non-speculative, plausible breach-of-contract claim against Defendant Turn.

Any doubt about this (and there is none) can be removed by granting Plaintiff Levtec's request for leave to supplement its proposed Amended Complaint with the following allegations:

33. Pursuant to the enforceable Insertion Order contract, attached as Exhibit A, in exchange for prepayments, Turn was to provide services to Levtec including but not limited to: Turn Predictive Targeting & Site Retargeting; FBX Predictive & Site Retargeting; and Turn Predictive Targeting & Retargeting PreRoll Video (the "Services").

34. Levtec completely performed its obligations pursuant to the Insertion Order contract by prepaying for the Services that Turn was to perform.

35. Turn failed to perform its obligations pursuant to the Insertion Order contract by, without limitation, failing to perform the Services.

36.     As a direct and proximate result of Turn's breaches of contract, Levtec has been damaged in an amount to be proven at trial but believed to be in excess of $400,000.

*See* Doc. #23, *PageID#* at 210.  The record does not indicate that any prejudice will befall

Defendant Turn if the proposed Amended Complaint is supplemented in this manner.  This

is particularly so when the discovery phase of the litigation is not due to be completed until

November 20, 2015 and motions not directed to the pleading are not due until January 15,

2016.  (Doc. #20).


## IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff Levtec, LLC's Motion To Amend Complaint (Doc. #21) be GRANTED; and/or

2.     Plaintiff Levtec's request to supplement its Second Amended Complaint with proposed paragraphs 33-36 be GRANTED; and

3.     Plaintiff Levtec be ordered to forthwith file its Second Amended Complaint either as it proposes or with its supplemental allegations.


May 14, 2015

                                    s/Sharon L. Ovington
                                    Sharon L. Ovington
                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).