**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

LEVTEC, LLC,

      Plaintiff,

Case No. 3:14-cv-276

v.

Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

MICHELLE BARKAN, et al.,

      Defendants.

_____

LEVTEC, LLC,

      Plaintiff/Counterclaim Defendant,

v.

TURN, INC.,

      Defendant/Counterclaim Plaintiff.

_____

**ENTRY AND ORDER OVERRULING DEFENDANT TURN, INC.'S**
**OBJECTIONS (DOC. 27); ADOPTING THE CHIEF MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATIONS (DOC. 24) IN THEIR**
**ENTIRETY; AND GRANTING PLAINTIFF LEVTEC, LLC'S MOTION TO**
**AMEND COMPLAINT (DOC. 21) AND REQUEST TO SUPPLEMENT**
**PROPOSED SECOND AMENDED COMPLAINT**

_____

      This matter is before the Court on the Objections (Doc. 27) filed by Defendant Turn, Inc. to

the Chief Magistrate Judge's Report and Recommendations (Doc. 24), which recommended that

that Court grant Plaintiff Levtec, LLC's Motion To Amend Complaint (Doc. 21) and request to

supplement its proposed Second Amended Complaint with four additional paragraphs.   As stated

below, the Court overrules Turn's objections (Doc. 27) and adopts the Report and

Recommendations (Doc. 24) in their entirety.   Accordingly, the Motion To Amend Complaint (Doc. 21) is granted and Levtec is also granted leave to supplement its proposed pleading as requested.

## BACKGROUND

This case involves allegations that Defendants Michelle Barkan ("Barkan") and Barkan Advertising, LLC ("Barkan Advertising") breached a contract to perform certain strategic, design, technology and production services for Levtec, which allegedly owns the rights to "Morph Fire," a line of products "that convert different brands of paintball guns to BB machine guns."   (Doc. 3 at ¶¶ 6-11.)   Defendant Turn, Inc. is alleged to have worked as a subcontractor to Barkan Advertising.   (*Id.* at ¶ 17.)   Levtec alleges that Turn's services failed to provide any "data of value" to Levtec.   (*Id.* at ¶ 18.)

Levtec filed the original Complaint in this action in the Montgomery County, Ohio, Court of Common Pleas.   (Doc. 1.)   On August 11, 2014, Defendant Turn removed the action from the Court of Common Pleas to this Court.   (*Id.*)   On August 13, 2014, Levtec filed a First Amended Complaint.   (Doc. 3.)   In the First Amended Complaint, Levtec asserts claims for fraud in the inducement and breach of contract against Defendants Barkan and Barkan Advertising and a claim for declaratory judgment against Defendant Turn.   (*Id.* at ¶¶ 20-28.)   For the declaratory judgment claim, Levtec alleges that Turn made a demand for payment to Levtec for services that Turn rendered at Barkan's direction.   (*Id.* at ¶ 28.)   Levtec seeks a declaratory judgment that Turn was "at all times relevant to this Complaint in contractual privity with, and was the subcontractor of, Barkan, and as such must look to Barkan for any payment to which Turn is entitled for its services on the project."   (*Id.* at ¶ 29.)

On September 5, 2014, Turn filed an Answer and Counterclaim against Plaintiff Levtec.

(Doc. 10.)   In the Counterclaim, Turn alleges that it was in contractual privity with Levtec, and that Levtec breached its contract by failing to pay Turn what it was contractually owed for its services.   (*Id.* at ¶¶ 9-23.)

On March 27, 2015, Levtec filed a Motion To Amend Complaint (Doc. 21) to add a claim for breach of contract against Turn.   In its supporting memorandum, Levtec stated that it still maintains that it was not in contractual privity with Turn.   (*Id.* at 2.)   Levtec seeks to add a breach of contract claim against Turn, however, as a precaution in case Turn prevails on its allegation that it was in contractual privity with Levtec.   (*Id.*)   On March 27, 2015, Levtec opposed the Motion To Amend on futility grounds, arguing that Levtec's proposed breach-of-contract claim could not survive a Rule 12(b)(6) motion to dismiss.   (Doc. 22.)   On April 29, 2015, Levtec filed a reply in response to Turn's opposition.   (Doc. 23.)   Levtec argued that its proposed Second Amended Complaint could withstand a Rule 12(b)(6) motion, but, if the Court were to find that its allegations were not sufficient, Levtec requested leave to supplement the proposed pleading with four additional paragraphs.   (*Id.* at 23.)

On May 14, 2015, Chief Magistrate Judge Sharon L. Ovington entered the Report and Recommendations on Levtec's Motion To Amend.   (Doc. 24.)   The Chief Magistrate Judge found that the proposed Second Amended Complaint's allegations were sufficient to state a claim for breach of contract against Turn, and that any doubt concerning their sufficiency would be removed by granting Levtec's request for leave to supplement its complaint.   (*Id.* at 8-9.)   On June 1, 2015, Turn filed Objections to the Report and Recommendations.   (Doc. 27.)   On June 10, 2015, Levtec filed a response to Turn's Objections.   (Doc. 29.)   The Report and Recommendations are therefore ripe for the Court's review.

<u>**ANALYSIS**</u>

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure Rule 72(b), the District Judge completed a *de novo* review of the record in this case.   Upon review, the Court finds that Turn's Objections (Doc. 27) to the Report and Recommendations are not well-taken, and they are hereby OVERRULED.   In its Objections, Turn did not raise any arguments were not already addressed in the Report and Recommendations.   As a result, no further discussion of Turn's Objections is warranted here.   The Court ADOPTS the Report and Recommendations (Doc. 24) in their entirety and ORDERS as follows:

1.     Levtec's Motion To Amend Complaint (Doc. 21) is GRANTED;

2.     Levtec's request to supplement its Second Amended Complaint with proposed paragraphs 33-36 is GRANTED; and

3.     Levtec is ORDERED to file its Second Amended Complaint with its supplemental allegations forthwith, but no later than 7 days from the entry of this Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 15, 2015.


s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4